UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SAMANTHA STARKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>LTD FINANCIAL SERVICES, LP,<br><br>   Defendant. | Case No.: 15-cv-1217<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Samantha Starkey is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that Plaintiff engaged in a consumer transaction.

6. Defendant LTD Financial Services, LP ("LTD") is a foreign limited partnership with its principal place of business located at 7322 Southwest Freeway, Ste 1600, Houston, TX 77074.

7. LTD is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. LTD is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. LTD is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

9. On or about February 3, 2015, LTD mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "CHASE BANK USA N.A." ("Chase"). A copy of this letter is attached to this Complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A contains the following text:

> Chase wants you to know that this debt settlement may affect your ability to open a new account or borrow money from Chase in the future. In most cases, Chase does not approve applications from customers who haven't paid the account balance back in full – even when an agreement is made for a partial payment to satisfy a debt.

12. The above statement is false, misleading and confusing to the unsophisticated consumer.

13. An unsophisticated consumer would understand that Exhibit A means that if the consumer settles the alleged debt for less than the amount owed, Chase would not approve any new accounts.

14. LTD has no basis to make such claims.

2

15. Upon information and belief, LTD has no input in, or inside information into, Chase's business practices with respect to settled accounts or otherwise.

16. Chase is the largest bank in the United States. http://en.wikipedia.org/wiki/JPMorgan_Chase. In addition to credit cards, it originates and services home mortgage loans, automobile loans, and offers many other financial products.

17. Chase also administers personal and business checking and savings accounts.

18. Upon information and belief, settling a Chase credit card for less than the full amount due would not disqualify a consumer from opening additional Chase accounts. For credit products, such decisions would be based upon the consumer's credit score.

19. Moreover, upon information and belief, settling a credit card balance would have no effect on opening a checking or savings account with Chase. Such a decision would likely be made with reference to a ChexSystems report, which includes information on closed checking and savings accounts, but not credit account histories.

20. LTD has no basis to assert that Chase would refuse to approve new accounts for Plaintiff. The threat in LTD's letter is false and misleading and exists only to unfairly scare consumers into paying the balance instead of settling.

21. The FDCPA prohibits false and misleading statements in debt collection letters. 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.")

22. Among other conduct, the FDCPA also specifically prohibits:

   a. The threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5);

   b. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10); and

3

c. unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

23. The WCA also specifically prohibits a debt collector from "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt." Wis. Stat. § 427.104(1)(L).

## COUNT I – FDCPA

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

25. Exhibit A falsely threatens Plaintiff that settlement for less than the alleged amount due will result in Chase refusing to approve any new accounts.

26. The threat was false and misleading to the unsophisticated consumer.

27. Chase likely would approve accounts, contrary to the representations in Exhibit A, if the consumer's credit score or ChexSystems review and Chase's actual lending and account policies so permitted.

28. Additionally, LTD has no knowledge of or influence in Chase's internal procedures with respect to opening accounts, and thus had no basis to include the language from Exhibit A, quoted in Paragraph 11 of this Complaint.

29. LTD's conduct violates 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## COUNT II – WCA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. Exhibit A threatens an action against the consumer – denial of new accounts – notwithstanding the fact that, upon information and belief, neither LTD, nor Chase had any intention of initiating such action.

32. In fact, LTD had no knowledge of Chase's procedures and no basis to make the claim in <u>Exhibit A</u>.

33. LTD violated Wis. Stat. § 427.104(1)(L).

## **CLASS ALLEGATIONS**

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter by LTD in the form represented by <u>Exhibit A</u> (c) seeking to collect a debt for personal, family or household purposes, (d) on or after October 12, 2014, (e) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and the WCA.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 12, 2015

**ADEMI & O'REILLY, LLP**

By: /s/ Denise L. Morris
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com